**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

**YVETTE YOUNG,**

                **Plaintiff,**             **Case No. 3:12-cv-029**

**vs.**                                     **Judge Thomas M. Rose**

**CAROLYN W. COLVIN,**         **Chief Magistrate Judge Sharon L. Ovington**
**Acting Commissioner of Social Security,**

                **Defendant**.

---

**ENTRY AND ORDER OVERRULING THE COMMISSIONER'S
OBJECTIONS (Doc. #21) TO THE MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATIONS; ADOPTING THE MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATIONS (Doc. #20) IN ITS
ENTIRETY; REMANDING THIS CASE TO THE COMMISSIONER FOR
FURTHER CONSIDERATION CONSISTENT WITH THE REPORT AND
RECOMMENDATIONS AND TERMINATING THIS CASE**

---

Yvette Young ("Young") brought this action pursuant to 42 U.S.C. § 405(g) for judicial

review of the decision of the Defendant Commissioner of Social Security (the "Commissioner")

that she was not disabled and, therefore, not entitled to Social Security disability benefits. On

July 3, 2013, Chief United States Magistrate Judge Sharon L. Ovington entered a Report and

Recommendations (doc. #20) recommending that no finding be made as to whether Young was

disabled and that this case be remanded to the Commissioner for further consideration consistent

with the Report and Recommendations.

The Commissioner subsequently filed Objections (doc. #21) and the time has run and

Young has not responded to the Commissioners' Objections. This matter is, therefore, ripe for

1

decision.

Young sought financial assistance from the Social Security Administration by applying for Supplemental Security Income. She claimed that he had been disabled since July 1, 2006.

The Commissioner denied Young's application initially and on reconsideration. Administrative Law Judge ("ALJ") James W. Lessis ("Lessis") held a hearing following which he determined that Young was not disabled. The Appeals Council denied Young's request for review and ALJ Lessis' decision became the Commissioner's final decision. Young then appealed to this Court pursuant to 42 U.S.C. § 405(g).

As required by 28 U.S.C. §636(b) and Federal Rules of Civil Procedure Rule 72(b), the District Judge has made a de novo review of the record in this case. Based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (doc. #20) and in the Commissioner's Objections (doc. #21), as well as upon a thorough de novo review of this Court's file and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in its entirety and, in so doing makes no finding as to whether Young was disabled. Further, this Court remands this case to the Commissioner for further consideration consistent with the Report and Recommendations.

This Court's function is to determine whether the record as a whole contains substantial evidence to support the ALJ's decision.  *Bowen v. Commissioner of Social Security*, 478 F.3d 742, 745-46 (6th Cir. 2007). This Court must also determine whether the ALJ applied the correct legal criteria. *Id.*

Regarding the substantial evidence requirement, the ALJ's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citing *Consolidated Edison Company v. NLRB*, 305 U.S. 197, 229 (1938)); *Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson*, *supra*, at 401; *Ellis v. Schweicker*, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the ALJ/Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling and Stamping Company*, 306 U.S. 292, 300 (1939).

The second judicial inquiry - reviewing the ALJ's legal criteria - may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *See Bowen*, 478 F.3d at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746(citing in part *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

In this case, the ALJ did not apply the correct legal criteria. WHEREFORE, the Commissioner's Objections to the Chief Magistrate Judge's Report and Recommendations are OVERRULED, and this Court adopts the Report and Recommendations of the Chief United States Magistrate Judge in its entirety. No finding is made as to whether Young was disabled. Further, this case is remanded to the Commissioner for further consideration consistent with the Report and Recommendations. Finally, the captioned cause is hereby ordered terminated upon

the docket records of the United States District Court for the Southern District of Ohio, Western

Division, at Dayton.

        **DONE** and **ORDERED** in Dayton, Ohio, this Nineteenth Day of August, 2013.

.                                   **s/Thomas M. Rose**

                                 _____

                                 JUDGE THOMAS M. ROSE
                                 UNITED STATES DISTRICT COURT

Copies furnished to:

        Counsel of Record

4